# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ARTHURO MEHRETU,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SOUTHERN NEVADA HEALTH DISTRICT,<br><br>　　　　Defendant. | Case No. 2:21-cv-02004-RFB-NJK<br><br>**Order**<br><br>[Docket Nos. 20, 21] |

Pending before the Court is the parties' amened stipulation to continue the deadline for the parties to file their joint proposed discovery plan and to stay discovery. Docket No. 21. The parties ask to stay discovery pending the resolution of Defendant's pending motion to compel arbitration. *Id.* at 1; *see also* Docket No. 11(motion to compel arbitration).

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Discovery should proceed absent a "strong showing" to the contrary. *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that requests to stay discovery may be granted when: (1) the underlying motion is potentially dispositive in scope and effect; (2) the underlying motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the underlying motion and is convinced that the plaintiff will be unable to prevail. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). When the pending motion is one seeking to compel arbitration, a stay is appropriate when the preliminary peek reveals there is a reasonable possibility or probability that that the district judge will compel arbitration. *See Shaughnessy v. Credit Acceptance Corp. of Nev.*, 2007 WL 9728688, at *2-3 (D. Nev. Nov. 28, 2007). The Court is guided in its analysis by the objectives in

Rule 1 to secure a just, speedy, and inexpensive determination of cases. *Tradebay*, 278 F.R.D. at 602.

The Court is satisfied that a stay of discovery is appropriate in this case. As to the first two requirements, the motion to compel arbitration is potentially dispositive of this case and it can be decided without discovery. As to the third requirement, the undersigned is convinced that Plaintiff will be unable to prevail on the motion to compel arbitration.[1]

Accordingly, the parties' stipulation to stay discovery, Docket No. 21, is **GRANTED**. As the Court is granting a stay of discovery, the parties' joint proposed discovery plan, Docket No. 20, is **DENIED** without prejudice. In the event the motion to compel arbitration is denied, the parties must file an amended joint proposed discovery plan within seven days of the issuance of such order.

IT IS SO ORDERED.

Dated: May 4, 2022

                                                                        _____
                                                                        Nancy J. Koppe
                                                                        United States Magistrate Judge

---

[1] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to compel arbitration may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the pending motion to compel arbitration in this instance. Nonetheless, the undersigned has carefully reviewed the arguments presented in the motion to dismiss and subsequent briefing.