UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Arthuro Mehretu,

          Plaintiff

v.

Southern Nevada Health District,

          Defendant

Case No. 2:21-cv-02004-CDS-NJK

**Order Granting Defendant's Motion to Dismiss and Closing Case**

[ECF No. 35]

    Plaintiff Arthuro Mehretu brings this employment-discrimination lawsuit against defendant Southern Nevada Health District (SNHD) alleging workplace discrimination and retaliation under Title VII. SNHD moves to dismiss. Mehretu's opposition to the motion to dismiss was due by August 7, 2023,[1] but as of the date of this order, he has not filed any response. Moreover, mail sent to plaintiff containing a copy of a minute order issued by the court was returned undeliverable on August 9, 2023. Given Mehretu's failure to comply with court rules, and after weighing the relevant factors—to include Mehretu's failure to oppose the motion constitutes his consent to its granting—I grant SNHD's motion to dismiss in its entirety and direct the Clerk of Court to close this case.

I.     **Legal standard**

    Unlike a motion for summary judgment, a district court is not required to examine the merits of an unopposed motion to dismiss before granting it. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (refusing to extend to motions to dismiss the requirement that a district court examine the merits of an unopposed motion for summary judgment before summarily granting it pursuant to a local rule). Thus, a district court may properly grant an unopposed motion to

---

[1] ECF No. 36; *see also* Local Rule 7-2(b) (stating that the deadline to file and serve any points and authorities in response to a motion—other than one for summary judgment—is fourteen days after service of the motion).

dismiss under a local rule. *Id.* at 53. Local Rule 7-2(d) provides that the failure of an opposing party to file points and authorities constitutes that party's consent to the granting of the motion. LR 7-2(d).

Before granting an unopposed motion to dismiss, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor counsels against dismissal).

II. Discussion

The first two factors—the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket—weigh in favor of dismissing Mehretu's claims. On August 12, 2022, I granted SNHD's motion to compel arbitration and stayed this matter pending the resolution of the binding arbitration proceedings. Now, one year later, arbitration still has not commenced. And further, Mehretu has (1) failed to respond to SNHD's motion to dismiss, (2) failed to comply with court orders,[2] and (3) failed to update his address with the court[3]. *See generally* ECF Nos. 34, 37, 38. Mehretu's apparent abandonment has delayed litigation and disrupted the court's timely management of its docket.

---

[2] Mehretu was ordered to file a notice with the court no later than June 21, 2023, stating whether he retained new counsel or intended to proceed pro se. ECF No. 34. As of the date of this order, Mehretu has failed to comply.

[3] Failure to provide a current address is a violation of Local Rule IA 3-1. The rule requires that a pro se party file a written notification of any change of mailing address, email address, or telephone number with the court. LR IA 3-1.

The third factor also weighs in favor of dismissal of plaintiff's claims. There is no apparent risk of prejudice to SNHD by dismissing this action, as it was SNHD itself that filed the motion to dismiss. Further, with no opposition from Mehretu, I have no information regarding why or how dismissal would be prejudicial to him.

The fourth factor further weighs against dismissing Mehretu's claims because it will not resolve the case on the merits. As noted above, public policy favors disposing of cases on their merits. But a resolution on the merits is not a possibility with no response to the pending motion from Mehretu. Finally, with respect to whether less drastic measures have been considered, I have considered other measures and find that dismissal without prejudice of Mehretu's claims is the least drastic measure available to me at this stage. Accordingly, the fifth factor also weighs in favor of dismissal of this case. Because the factors on balance weigh against Mehretu, I grant SNHD's motion to dismiss.

### III. Conclusion

IT IS THEREFORE ORDERED that defendant's motion to dismiss **[ECF No. 35] is GRANTED**.

IT IS FURTHER ORDERED that each of Mehretu's claims are dismissed without prejudice. The Clerk of Court is kindly instructed to enter judgment accordingly and close this case.

DATED: August 21, 2023

_____
Cristina D. Silva
United States District Judge

3